

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. WR-82,366-02

---

### EX PARTE OSCAR MARIO NAVARRO JR. , Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12-07-13541-CRSI IN THE 79TH DISTRICT COURT
### FROM JIM WELLS COUNTY

---

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to ten years' imprisonment. His appeal was dismissed for want of jurisdiction. *Navarro v. State*, No. 04-14-00503-CR (Tex. App.—San Antonio Jul. 30, 2014) (not designated for publication).

Applicant contends, among other things, that his counsel rendered ineffective assistance because counsel did not properly advise him of the appellate process and protect his right to appeal.

The same ground was raised in Applicant's first writ application, which was dismissed as prematurely filed. *Ex parte Navarro*, No. WR-82,366-02 (Tex. Crim. App. Nov. 19, 2014) (not designated for publication). Counsel responded to the claim in the first writ application by way of affidavit and the habeas court made findings recommending denial of relief, determining that Applicant did not timely inform counsel of his desire to appeal. The response and findings do not address how Applicant was advised as to his rights to appellate counsel and the deadlines for perfecting appeal.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to prepare a supplemental response to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make additional findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to fully advise him about the appellate process. The trial court shall make specific findings addressing whether Applicant was advised that he had a right to appointed counsel if he was indigent, and whether he was properly advised as to the applicable deadlines for perfecting appeal. The trial court

shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 14, 2015
Do not publish